New York County Lawyers Assn. v State of New York (2023 NY Slip Op 03199)

New York County Lawyers Assn. v State of New York

2023 NY Slip Op 03199

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 156916/21 Appeal No. 455 Case No. 2022-03908 

[*1]New York County Lawyers Association et al., Plaintiffs-Respondents,
v
The State of New York, Defendant, the City of New York et al., Defendants-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for appellants.
Kramer Levin Naftalis & Frankel LLP, New York (Michael J. Dell of counsel), for respondents.

Order, Supreme Court, New York County (Lisa Headley, J.), entered July 25, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for a preliminary injunction for an immediate interim increase in the compensation rate paid to 18-B attorneys retroactive from the February 2, 2022 date plaintiffs filed their motion for injunctive relief, rather than prospectively from the date of the order, unanimously affirmed, without costs.
On appeal, defendants City of New York, New York City Department of Finance, and Sherif Soliman (the City) do not dispute that, as in an earlier litigation involving the same issue 20 years ago, Supreme Court properly issued a mandatory injunction directing an increase in the compensation rates paid to 18-B attorneys that will apply unless and until it is superseded by legislative action to reset the statutory rate (see N.Y. County Lawyers' Assn. v State of New York , 192 Misc 2d 424 [Sup Ct, NY County 2002], appeal dismissed 305 AD2d 1123 [1st Dept 2003]; New York County Lawyers' Assn. v State of New York , 196 Misc 2d 761 [Sup Ct, NY County 2003]). The prior litigation also made clear that plaintiff bar associations, who have an inherent interest in providing effective legal representation to children and indigent adults under the 18-B Assigned Counsel Plan and have a substantial relationship with those clients, some of whom are not themselves able to seek a judicial remedy, have both third-party and organizational standing to bring this action challenging the statutory compensation rates for the purpose of vindicating their clients' constitutional right to effective legal representation (New York County Lawyers' Assn. v State of New York , 294 AD2d 69, 74-77 [1st Dept 2002]). The City's contention that plaintiffs' standing in this action would not extend to their seeking, as they have by way of a preliminary injunction motion, the immediate grant of a court-ordered rate increase as part of the remedy for the systemic deficiencies in protecting that constitutional right, is contrary to precedent.
We further find, contrary to the City's argument, that in the circumstances here, where plaintiffs made a plainly meritorious preliminary injunction motion for a court-ordered immediate rate increase after a decades-long legislative impasse, the court had the authority and providently exercised its discretion in ordering that the rate increase was effective from the February 2, 2022 motion filing date. That aspect of the order, along with the prospective rate increase, reasonably serves the purpose of the requested injunctive relief, which was to increase the incentives for attorneys to participate in the
18-B Assigned Counsel Plan that is necessary to adequately protect the constitutional right of indigent litigants to effective legal representation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023